UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IVY BIOMEDICAL SYSTEMS, INC., *Plaintiff*, <br><br> v. <br><br> JAMES AMENDOLA, *Defendant*. | No. 3:21-cv-01210 (JAM) |

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Ivy Biomedical Systems, Inc. ("Ivy") has moved for a temporary restraining order against defendant James Amendola. I will grant the motion and refer the parties to a U.S. Magistrate Judge for a scheduling, discovery, and settlement conference with respect to future preliminary injunction proceedings.

### BACKGROUND

Ivy is a medical device company located in Branford, Connecticut that competes in what it describes as "the international specialized patient monitoring market."[1] The company claims it "specializes in advanced physiologic gating technology, which comprises detection, signal processing, conditioning, and recording of cardiac and respiratory parameters, which on a standalone or integrated basis provides timing functions for various procedures, including imaging or interventional modalities."[2] Over the past decade Ivy has invested more than $28 million in its development of proprietary software and hardware.[3]

Amendola was a vice-president of Ivy from August 2017 to January 2021 and then a consultant for one more month until leaving the company altogether in February 2021.[4] He

---

[1] Doc. #1 at 1.
[2] *Id.* at 2 (¶ 4).
[3] *Ibid.* (¶ 8).
[4] *Id.* at 1 (¶ 2).

1

signed a confidentiality agreement with Ivy and also agreed upon termination of his employment to return any company records and not to make copies for his own personal use.[5] Ivy says that it entrusted Amendola with access to virtually all of the company's confidential, proprietary, and trade secret information, including information on current products and technology, intellectual property, engineering, design, and products and technology under development.[6]

When Amendola left Ivy's employment, he assured Ivy's president that he would comply with his confidentiality obligations.[7] But Ivy recently learned that late in the day on February 22, 2021 Amendola downloaded to a personal electronic hard drive scores of folders with project files for most, if not all, of Ivy's products in production and development.[8] Ivy also learned of earlier downloads by Amendola from September to December 2020 of Ivy's confidential, proprietary, and trade secret information.[9]

Amendola took a position as program director with another company named Defibtech, LLC in approximately March 2021.[10] Ivy claims that Defibtech uses similar processes and technologies as Ivy and that it is a wholly-owned subsidiary of Nihon Kohden Corporation which is a direct competitor of Ivy's within the cardiac and respiratory gating segment of the patient monitoring market.[11] According to Ivy, if the information taken by Amendola were disclosed to his new employer, "it would destroy Ivy's competitive advantage in the industry and decimate its future business plans, opportunities, and trajectory."[12]

---

[5] *Id.* at 3 (¶¶ 9-10).
[6] *Id.* at 4 (¶ 13).
[7] *Ibid.* (¶16).
[8] *Id.* at 5 (¶¶ 22-23).
[9] *Id.* at 6-7 (¶¶ 26-27).
[10] *Id.* at 7 (¶ 28).
[11] *Ibid.* (¶¶ 29-30).
[12] *Ibid.* (¶ 31).

Ivy has filed this lawsuit against Amendola alleging claims for breach of contract as well as for violations of the Computer Fraud and Abuse Act, the Defend Trade Secrets Act of 2016, and the Connecticut Trade Secrets Act.[13] It has also moved for a temporary restraining order and preliminary injunction.[14]

## DISCUSSION

In the Second Circuit, the standard that governs the grant or denial of a temporary restraining order is the same as for a preliminary injunction. *See Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 272 (N.D.N.Y. 2015). Ivy must show (1) irreparable harm, (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring Ivy, and (3) that a preliminary injunction is in the public interest. *See N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).[15]

I am satisfied on the basis of Ivy's submissions that it has established good cause for the entry of a temporary restraining order. It has amply shown irreparable harm if Amendola transfers the information at issue. It has also shown a likelihood of success in view of its particularized claims that Amendola covertly copied the company's confidential information in violation of his contractual agreements that forbid him from doing so.[16] It has also shown that a temporary restraining order is in the public interest to discourage employees from violating their

---

[13] *Id.* at 10-15.
[14] Docs. #5, #6.
[15] The temporal limitations of Fed. R. Civ. P. 65(b) do not apply here, because Ivy states that it has furnished notice to Amendola's counsel of this action and its motion for a temporary restraining order. Doc. #5 at 2.
[16] *See also* Doc. #7 at 11-18 (claim-by-claim discussion of likelihood of success).

confidentiality agreements and protect a company's reasonable reliance on such promises to maintain the confidentiality of its proprietary information and trade secrets.

Defendant James Amendola is ORDERED to immediately refrain from the following actions:

> (i) using, disclosing, misusing or further converting in any manner or in any form any of Ivy's confidential, proprietary or trade secret information;
>
> (ii) destroying, damaging or otherwise disposing of any of Ivy's confidential, proprietary or trade secret information; and
>
> (iii) hiding or destroying any documents or other evidence in any way concerning the allegations in this Verified Complaint.

This order shall remain in effect pending the Court's hearing on Ivy's motion for preliminary injunction and without prejudice in the meantime to Amendola's filing of any motion to vacate or modify this order. The parties are REFERRED to a U.S. Magistrate Judge for a scheduling, discovery, and settlement conference with respect to preliminary injunction proceedings.

## Conclusion

It is so ordered. Dated at New Haven this 16th day of September 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge